UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESPIGMENIO HERNANDEZ, JR., <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, *et al.*, <br><br> Defendants. | Case No. 15-CV-944 (JMC) |

**MEMORANDUM OPINION**

Plaintiff Espigmenio Hernandez, Jr., proceeding pro se, filed suit against the U.S. Department of Justice (DOJ) and the Executive Office for United States Attorneys (EOUSA) (collectively, Defendants) seeking records related to his prosecution by the U.S. Attorney's Office for the Western District of Texas. Hernandez brings his civil action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. For the reasons below, the Court **GRANTS** Defendants' motion for summary judgment, ECF 35, and **DENIES** Hernandez's cross-motion for summary judgment, ECF 38.[1]

**I.     BACKGROUND**

Hernandez was prosecuted in the Western District of Texas for possession with the intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. W.D. Tex. 4:11-cr-442 (Tex.) ECF 16. He was found guilty and is incarcerated at the Fort Worth Federal Correctional Institution. Tex. ECF 94 at 1; *see* ECF 52 at 3. On February 5, 2014, Hernandez sent

---

[1] Unless otherwise indicated, the formatting of quoted materials has been modified throughout this opinion, for example, by omitting internal quotation marks and citations, and by incorporating emphases, changes to capitalization, and other bracketed alterations therein. All pincites to documents filed on the docket are to the automatically generated ECF Page ID number that appears at the top of each page.

1

a letter to the EOUSA "requesting access to any records about me" maintained by the EOUSA, citing FOIA and the Privacy Act. ECF 13-3 at 10. The Office passed Hernandez's letter on to the United States Attorney's Office for the Western District of Texas (USAO/TXW). *Id.* at 3.

A paralegal with the USAO/TXW was responsible for locating records potentially responsive to Hernandez's request. In a form attached to a letter sent from the EOUSA to Hernandez, the paralegal indicated that she had located 459 pages of potentially responsive documents: 400 pages of public records, 21 pages of grand jury transcripts, 17 pages of correspondence, 13 pages of attorney work product, and 8 pages originating from the Drug Enforcement Agency (DEA). ECF 15 at 18–21. She determined that the public records and grand jury transcripts were non-releasable, but she sent the remaining pages of correspondence, attorney work product, and DEA documents to the EOUSA. ECF 15 at 21; ECF 19-1 ¶¶ 2–6. By her count, she sent 38 pages. ECF 19-1 ¶ 5. The EOUSA then transferred the 8 pages of DEA documents back to the DEA, *id.*, leaving 30 pages consisting of correspondence and attorney work-product, ECF 19 at 3–4. The EOUSA determined that only 12 of those pages were responsive. *Id.*

As to the 12 pages deemed responsive to his request, the EOUSA notified Hernandez that the office was fully releasing 4 pages, partially releasing 1 page, and fully withholding 7 pages based on FOIA exemptions. ECF 15 at 14–15. Hernandez administratively appealed the EOUSA's determination to the DOJ Office of Information Policy (OIP). *Id.* at 24. Citing the USAO/TXW's form, Hernandez sought production of the full 30 pages of correspondence and attorney work product that the USAO/TXW had located. *Id.* Although OIP received Hernandez's filing, ECF 13-3 at 20, the office never notified him of any decision on his timely appeal, ECF 1 ¶ 16.

Hernandez sued the DOJ and the EOUSA, alleging that Defendants violated FOIA and the Privacy Act by failing to produce all records to which he is entitled. ECF 1 ¶ 11. The Parties

thereafter filed cross-motions for summary judgment. ECF 13; ECF 15. In partially resolving these motions, this Court held that the grand jury transcripts were properly withheld, but the Court could not determine whether the 18 pages of purportedly nonresponsive correspondence and attorney work product were appropriately withheld by the EOUSA. ECF 25 at 13, 15. So, Defendants were ordered to submit those 18 pages for in camera review. *Id.* at 17. Rather than submit the 18 pages to the Court for in camera review, however, the EOUSA reconsidered its withholding decision and opted to release the 18 pages to Hernandez. ECF 26 at 1.

The EOUSA immediately faced a problem when releasing these previously withheld documents. In searching for the key "18 pages," the EOUSA could find "only 15 pages that were withheld on grounds of non-responsiveness" and was "unable to determine why it previously believed that it had withheld 18 pages." ECF 26 at 1. But "[i]n any event," the EOUSA released those 15 pages in full. *Id.* Hernandez took issue with this supplemental production. He argued that the EOUSA provided no explanation for the discrepancy between the "18 pages" initially withheld and the 15 pages eventually produced, and further protested that these documents "featured no correspondence or attorney work product" as the EOUSA claimed. ECF 27 at 2–3. To "investigat[e] the alleged discrepancy," the EOUSA indicated that it would reprocess the responsive documents, ECF 28 at 1; ECF 29 at 1, and the Parties moved for summary judgment shortly thereafter, ECF 35; ECF 38.

After the EOUSA reprocessed the records, there was still one page unaccounted for. Defendants assert that when the EOUSA initially requested responsive documents from the USAO/TXW, it had received only 37 pages—not 38 pages, as listed on the initial form. ECF 35-2 at 2. Defendants dismiss this discrepancy as a "typographical error" or a potentially "lost" page. *Id.* Defendants further represent that, when the EOUSA requested responsive records a *second*

3

time for the purpose of reprocessing, the USAO/TXW once again transferred 37 pages. ECF 35-1 at 4–5. Excepting the 8 pages transferred to the DEA, the entire set of 29 pages were released to Hernandez (16 pages in full, 13 pages in part). ECF 35-1 at 5; ECF 35-2 at 7–8. With this reprocessing and release completed, Defendants assert that they have adequately searched for records responsive to Hernandez's FOIA request and have produced all the records to which he is entitled. ECF 35-1 at 3.

In his cross motion, Hernandez does not contest the adequacy of the search that the EOUSA conducted during reprocessing, nor does he dispute the bases for the office's partial withholding of 13 pages under FOIA exemptions. He only takes issue with the gap between the number of documents that the EOUSA initially deemed to be unresponsive (18) and the number that the Office later released to him (15) before it decided to reprocess the entire batch of documents. ECF 38 at 4–6. Hernandez asks this Court to "enter summary judgment in [his] favor and order that the Defendant surrender the original 18-pages or provide a cogent sworn explanation of their failure to do so." *Id.* at 12.

The Court had questions about the "clear inconsistency (regarding both number and nature) between the 15 documents that EOUSA produced to Hernandez in response to this Court's first in camera review order and the 18 documents that EOUSA originally deemed non-responsive to Hernandez's request." ECF 45 at 4. As such, this Court ordered the EOUSA to submit for in camera review (1) the full set of documents that the EOUSA initially obtained from the USAO/TXW when the office first referred Hernandez's request to that jurisdiction; and (2) the full set of documents that the EOUSA obtained from the USAO/TXW for reprocessing. *Id.* at 5. These two sets of documents were submitted, received, and reviewed in camera. The Court now resolves the cross-motions for summary judgment on the merits.

**II.     ANALYSIS**

The sole issue at the center of these cross motions is a narrow one. Hernandez only asks this Court to determine whether Defendants have "surrend[ered] the original 18-pages or provide[d] a cogent sworn explanation of their failure to do so." ECF 38 at 12. The Court now concludes that they have.

The Court has reviewed the set of documents that the EOUSA initially obtained from the USAO/TXW, the set of documents that were later reprocessed, and the sworn declaration accompanying Defendants' summary judgment motion that explains the USAO/TXW's initial error. *See* ECF 35-2 at 2–3. Based on this record, the Court finds that the EOUSA obtained 37 pages from the USAO/TXW when it first referred Hernandez's records request (*not* 38 pages, as indicated on the office's initial form). Those 37 pages received from the USAO/TXW match the 37 pages that were later reprocessed. Excluding the 8 pages transferred to the DEA during both initial processing and reprocessing leaves two sets of the same 29 pages. Thus, whatever set of "18 pages" the EOUSA deemed nonresponsive during its initial processing of 29 pages *must* be part of the second set of 29 pages that were reprocessed because the two sets are identical. And because these 29 pages have now been produced to Plaintiff in full or in part, the contested "18 pages" must have been surrendered—there are simply no other documents to find, review, or turn over. To the extent that, given the partial redactions, some information may have been withheld from these documents, Hernandez does not contest the scope of the EOUSA's search during reprocessing or its bases for redaction. *See generally* ECF 38. Thus, with the "18 pages" at issue now indisputably surrendered or cogently accounted for via sworn testimony, *see* ECF 35-2 at 2, the Court's inquiry is at an end.

**III.    CONCLUSION**

The record establishes that the EOUSA made a mistake. The first set of 37 pages is identical to the second, which means the EOUSA mischaracterized or miscounted the "18 pages" at issue when it received the first set of documents from the USAO/TXW. The Court understands Hernandez's frustration that the EOUSA "cannot explain th[is] discrepancy." ECF 26-1 at 1. But the EOUSA's error does not change the fact that Hernandez has now received all materials responsive to his request, with some documents subject to only partial redactions (which Hernandez does not challenge). The Court is satisfied that Defendants have adequately searched for records responsive to Plaintiff's FOIA request and have produced all the records to which he is entitled.

Because Defendants have shouldered their burden under FOIA and the Privacy Act, the Court **GRANTS** Defendants' motion for summary judgment, ECF 35, and **DENIES** Hernandez's cross-motion for summary judgment, ECF 38. A separate order accompanies this memorandum opinion.

**SO ORDERED**.

JIA M. COBB
U.S. District Court Judge

Date: January 19, 2024